UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



PS/CD

FAHEEM ABDUL-JALEEL,

    Petitioner,

-v-

M. KIRKPATRICK, Clinton Correctional Facility,

    Respondent.

18-CV-6183CJS
ORDER

The Petitioner, Faheem Abdul-Jaleel, an inmate at the Clinton Correctional Facility, has submitted to this Court a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket Item 1. As set forth more precisely in the Petition, he alleges that he was convicted in New York State County Court, Monroe County, in violation of his constitutional rights. *See id.* The Petitioner paid the filing fee. Petitioner has also applied to the Court for appointment of counsel.

## ORDER

Accordingly, it is hereby

ORDERED that Petitioner's request for appointment of counsel is denied without prejudice;[1] and it is further

---

[1] Prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Habeas petitioners who qualify under the Criminal Justice Act, however, are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), *see Graham v. Portuondo*, 506 F.3d 105 (2d Cir. 2007), as are indigent petitioners who seek to vacate or set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849, 114 S.Ct. 2568, 2571, 129 L.Ed.2d 666 (1994).

Appointment of counsel is within the judge's discretion, *see In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court has reviewed the facts presented herein in light of the factors required by law. Specifically, there is no showing at this time that an evidentiary hearing is required, nor is petitioner seeking to vacate or set
*(continued on next page)*

ORDERED in accordance with Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, that the Respondent shall file and serve an **Answer** responding to the allegations in the Petition within **90 days of the date of this Order**. The Answer shall state whether a trial or any pre-trial or post-trial evidentiary proceeding was conducted. If so, the Respondent shall provide the Court with a transcript of the relevant proceedings, together with any records and documents relating to them, so that the materials can be filed in the official record of this case; and it is further

ORDERED that, in addition to the Respondent's Answer, the Respondent shall file and serve, within **90 days of the date of this Order**, a memorandum of law addressing each of the issues raised in the Petition and including citations to supporting authority; and it is further

ORDERED that within **30 days of the date this Order**, the Respondent may file a motion for a more definite statement or a motion to dismiss the Petition, accompanied by appropriate exhibits demonstrating that an Answer to the Petition is unnecessary. The timely filing of such motion shall extend the time for filing an Answer by **14 days**. This deadline will not be extended beyond 14 days, however, even if the Court does not act on the Respondent's motion within that time; and it is further

ORDERED that within **30 days of the date that this Order is served** upon the custodian of the records, the Clerk of Court or any other official having custody of the records of the proceedings in the New York State County Court leading to the conviction shall submit such records to the Respondent or the Respondent's attorney; and it is further

---

aside a sentence of death. In addition, Petitioner has not provided the Court with any information that indicates that the interests of justice require the appointment of counsel at this time.

ORDERED that if the Petitioner previously appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, the Respondent must provide the Court with a copy of the briefs, the record on appeal, and any opinions of the appellate courts so that such documents can be filed in the official record of this case; and it is further

ORDERED that the Petitioner shall have **30 days after his receipt of the Respondent's Answer or other pleading** to file a written reply; and it is further

ORDERED that the Clerk of Court shall electronically serve a copy of the Petition, together with a copy of this order, via a Notice of Electronic Filing to Alyson Gill <Alyson.Gill@ag.ny.gov>, Arlene Roces <Arlene.Roces@ag.ny.gov>, and Laura Stockmyer <laura.stockmyer@ag.ny.gov of the Office of the Attorney General, Federal Habeas Unit.

**THE PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY(S) APPEARING FOR THE RESPONDENT.**

SO ORDERED.

_____
Charles J. Siragusa
United States District Judge

DATED: MAR. 13, 2018
Rochester, NY